JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
George J.C. Jacobs, III
Earl A. Hicks
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>  vs.<br><br>TERRY RUSSELL HUNT,<br>MARY ALICE HUNT,<br>RUSSELL MELVIN HUNT,<br>DEREK JON HUNT,<br><br>             Defendants. | Case No: 2:16-CR-00207-RMP<br><br>United States' Motion in Limine Re: Witness Exclusion/Designation of Case Agent; Self-Serving Hearsay; Reference to Penalty; Impermissible Character Evidence and Good Acts<br><br>With Oral Argument<br>September 6, 2017 at 10:00 am |

Plaintiff, United States of America, by and through Joseph H. Harrington,

Acting United States Attorney, for the Eastern District of Washington, and George

J.C. Jacobs, III, and Earl A. Hicks, Assistant United States Attorneys for the Eastern

District of Washington, respectfully submits the following motion *in limine*.

**Witness Exclusion & Case Agent Designation**

The United States requests that this Court issue an order directing that all

witnesses who will testify in the trial scheduled to commence on September 18, 2017,

United States' Motion for Disclosure - 1
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

be excluded from the courtroom so that they cannot be influenced by the testimony of

other witnesses.  *See United States v. Eli*, 718 F.2d 291, 293 (9th Cir. 1983).

However, the United States seeks to exclude ATF Special Agent Ryan Young and

ATF Forensic Auditor Guy K. Hummel, Jr. from this sequestration order and requests

that they be able to sit at counsel table as they are essential to our case.

The United States hereby designates Special Agent Young, who may testify as a

fact witness, as its representative pursuant to Fed. R. Evid. 615(b), and respectfully

requests that the Court permits Special Agent Young to sit at counsel table throughout

the trial.  In addition, Forensic Auditor Hummel will testify as a summary witness and

should also be excluded from the sequestration order pursuant to Fed. R. Evid. 615(b)

and (c).  Moreover, Rule 615(b) does not preclude the government's designation of

two individuals to represent the government at counsel table.  *See Breneman v.*

*Kennecott Corp.*, 799 F.2d 470, 474 (9th Cir. 1986).

**Self-Serving Hearsay:**

The United States moves *in limine* to exclude the Defendant's use of self-

serving hearsay.  An admission or statement by a party is admissible and is exempted

from hearsay when offered *against* that party.  *See Fed. R. Evid.* 801(d)(2)(A); *United*

*States v. Pang,* 362 F.3d 1187, 1194 (9th Cir. 2004).  Moreover, the "Rule of

Completeness" does not allow for the defendant to offer his own self-serving hearsay.

*See Fed. R. Evid.*106; *see also, United States v. Collicott,* 92 F.3d 973, 983 (9th Cir.

1996).  While the Rules provide exceptions to the general prohibition against hearsay,

United States' Motion for Disclosure - 2

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

"[t]he rules do not, however, provide exceptions for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996).  "Indeed, if such statement were deemed admissible … parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id*. citing *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).  Therefore, the Defendant cannot offer his/her own exculpatory hearsay statements.  If the Defendant wishes to make statements before the jury, he/she can testify.  To allow otherwise permits the Defendant to introduce hearsay evidence without taking the oath and without facing cross-examination.

**Motion to preclude reference to penalty:**

The United States moves *in limine* for the Court to rule that the Defendant shall not be allowed to refer to the potential penalty in this case.  This motion is based on common principles of relevance and prejudice.  *Fed. R. Evid. 401, 402, 403.*

The issue is truly one of avoiding undue prejudice.  The fact-finder should be influenced by a compelling issue of fact, and not based instead on hesitation to convict in the face of the potentially serious (or any such) penalty that the Court may impose following a conviction.

The United States embraces the language of the Ninth Circuit Model Jury Instructions at Section (7.4) as providing the only competent statement to the jury

United States' Motion for Disclosure - 3

regarding how they may consider punishment, to wit: ***"The punishment provided by law for the crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."*** *Model Jury Instruction - Ninth Circuit- 2010, Section 7.4.*

## Motion to Exclude Impermissible Character Evidence and "Good Acts"

The Government anticipates that one of Defendants will seek to place his/her character in issue at trial.  The Government also anticipates that defense character witnesses may attempt to testify using specific instances of a Defendant's good character, in violation of Fed.R.Evid. 405(a).

The Supreme Court has long recognized that character evidence has weak probative value and great potential to confuse the issues and prejudice the jury. *Michaelson v. United States*, 335 U.S. 469, 480, 486 (1948).  The Court has thus given trial courts wide discretion to limit the presentation of character evidence.  *Id*. at 486.  Specifically, the Government requests the Court to (1) exclude references to character traits irrelevant to the crime charged: and (2) exclude testimony about specific instances of conduct offered by defense character witnesses to show a character trait.

> **a.    Defendant cannot introduce evidence of a character trait irrelevant to the crime charged**

The character evidence that Defendants offer must be pertinent to the crime charged.  *Fed.R.Evid. 404(a).*  Courts of appeal have consistently upheld decisions by

United States' Motion for Disclosure - 4

1  the district courts excluding evidence of irrelevant character traits offered by a

2  defendant.  *See United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir.

3
4  1991) (testimony of defendant's daughter purportedly showing that defendant was a

5  good family man was inadmissible character evidence inasmuch as such character

6  traits were not pertinent to charged crime of illegally bringing aliens into the United

7
8  States); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of

9  receipt by defendant, a police officer, of a medal of valor and various commendations

10  was properly excluded in mail fraud case since traits which such awards and

11
12  commendations tended to show – bravery, attention to duty, and community spirit –

13  were not pertinent to the charged offenses); *United States v. Hedgcorth*, 873 F.2d

14  1307, 1313 (9th Cir.), *cert. denied*, 493 U.S. 857 (1989) (excluding evidence regarding

15
16  defendant's character for truthfulness in prosecution for violations of federal

17  explosives and firearms laws); *United States v. Goldfarb*, 643 F.2d 422, 434 (6th Cir.),

18  *cert. denied*, 454 U.S. 827 (1981) (attempt by defense to introduce, in a Travel Act

19
20  prosecution, evidence of defendant's gallantry as a pilot during two tours in Vietnam

21  was properly excluded).

22         In this case, evidence of traits which defendants may claim to possess – such as

23
24  generosity, dedication to family, civic activities, and similar traits and attributes

25  having no bearing on the charged offenses – should be excluded.  These traits are not

26  pertinent to the crimes charged, and there is no exception to the Federal Rules of

27
28  Evidence permitting such evidence.

United States' Motion for Disclosure - 5

Rule 404(a)(1) requires that the Court limit the Defendants' character evidence to three pertinent traits:  law-abiding nature; honesty; and truthfulness, and precludes the Defendants from presenting any testimony regarding overall general good character.  The general trait of being a law-abiding citizen is pertinent in all criminal prosecutions.  *See United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981 (Unit A) (holding that under Federal Rules 404 and 405(a), lawfulness is pertinent trait of character in all criminal prosecutions); *see also In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003) ("Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offense."); *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982) (finding that district court erred when it excluded character evidence that defendant was a law abiding citizen).  The traits for truthfulness or honesty are relevant "when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements." *In re Sealed Case*, 352 F.3d at 412; *see also Hewitt*, 634 F.2d at 279 (stating that the trait of truthfulness is pertinent when an element of the offense charged is a lie by the defendant).  The Government recognizes that by charging Defendants with offenses that involve allegations of falsehood, the Defendants' honesty and truthfulness are pertinent traits.  Thus, pursuant to Rule 404(a)(1), the Defendants may present character evidence regarding the traits of being a law-abiding, truthful, and honest.

**b.    Defendants may not introduce specific acts of conduct to show a character trait**

United States' Motion for Disclosure - 6

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

1   Evidence of specific acts may not be used to prove character where the

2   evidence is to be used circumstantially to support the inference that a person acted in

3   conformity with his character.  Jack B. Weinstein & Margaret A. Berger, 2

4   *Weinstein's Federal Evidence* § 405.05[3] (2d ed. 2007).  *See also* Fed.R.Evid.

5   404(b), 405(b), and 403.  This exclusionary rule, of course, applies to specific

6   instances of *good* conduct as well as those that are bad.  *See United States v. Camejo*,

7   929 F.2d 610, 613 (11th Cir. 1991) (excluding evidence of prior good conduct offered

8   to negate criminal intent), cert. denied, 502 U.S. 880 (1992); *United States v. Barry*,

9   814 F.2d 1400, 1403 (9th Cir. 1987) ("[T]estimony as to the lack of prior bad acts is, in

10  essence, testimony as to the multiple instances of good conduct, and its admission

11  would appear to violate a strict reading of Rule 405(a)."); United States v. Hill, 40

12  F.3d 164, 168 (7th Cir. 1994) (affirming district court's exclusion of evidence that

13  "was nothing more than classic character evidence offered to prove that [the

14  defendant] had a good character and acted in conformity therewith.").

15      Although the defense may not introduce specific acts to show a character trait,

16  the Government is permitted to inquire into relevant specific instances of conduct on

17  cross-examination of character witnesses.  Fed.R.Evid. 405(a); *United States v. Adair*,

18  951 F.2d 316, 319 (11th Cir. 1992) (defense character witnesses may be cross-

19  examined as to whether they have heard of particular instances of conduct relevant to

20  a trait in question); *United States v. Manos*, 848 F.2d 1427, 1430 (7th Cir. 1988)

United States' Motion for Disclosure - 7

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

1    (opinion and reputation testimony are subject to cross-examination regarding specific

2    instances of conduct).

3                                   **CONCLUSION**

4

5        Therefore, the United States respectfully requests that this Court grant the

6    foregoing motions *in limine* based on the authority and considerations noted above.

7        Dated:  August 15, 2017.

8

9                                          JOSEPH H. HARRINGTON
                                           Acting United States Attorney
10

11                                         ***s/ George J.C.Jacobs, III***
                                           George J.C. Jacobs, III
12                                         Assistant United States Attorney

13                                         ***s/ Earl A. Hicks***
                                           Earl A. Hicks
14                                         Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Motion for Disclosure - 8

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Louis Bechtolt , Jr:  richardbechtolt@aol.com

Roger James Peven:  rjpeven@gmail.com

Daniel Noah Rubin        daniel_rubin@fd.org, raylene_baird@fd.org
Matthew A Campbell      matt_campbell@fd.org, coby_patterson@fd.org,
                          raylene_baird@fd.org


John H Loeffler      JohnL@OLLPS.com, dsanchez@OLLPS.com,
                      JohnL1954@gmail.com


                                    *s/ George J.C. Jacobs, III*
                                    George J.C. Jacobs, III
                                    Assistant United States Attorney

United States' Motion for Disclosure - 9

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx